## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIA
## JACKSONVILLE DIVISION

**MICHELE PATRICE TAYLOR,**

    *Plaintiff,*

v.                                               Case No. 3:25-cv-00753-MMH-SJH

**MONIQUE A. MEANS, and**
**OAKLEIGH POINT HOME-**
**OWNERS ASSOCIATION, INC.,**

    *Defendants.*

_____/

### DEFENDANT OAKLEIGH POINT HOMEOWNERS ASSOCIATION, INC'S MOTION FOR REMAND AND ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1447(C), AND SUPPORTING MEMORANDUM OF LAW

Defendant, OAKLEIGH POINT HOMEOWNERS ASSOCIATION, INC.,

respectfully moves this Court to enter an order remanding this case back to the

Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, from

which removal has been sought.  Additionally, because Plaintiff's attempt to

remove this case lacks an objectively reasonable basis, pursuant to 28 U.S.C. §

1447(c), Defendant seeks an aware of just costs and actual expenses, including

attorney's fees, incurred as a result of Plaintiff's attempted removal.  In support,

Plaintiff states as follows:

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, MICHELE PATRICIA TAYLOR, resides at 77317 Cobblestone Drive, Yulee, Nassau County, FL 32097. Defendant, OAKLEIGH POINT HOMEOWNERS ASSOCIATION, INC., is a not for profit corporation organized and existing under the laws of the State of Florida, having its principal place of business located at 12914 Beauty Berry Circle, South, Jacksonville, Duval County, Florida 32246.

On March 18, 2025, Plaintiff filed an Amended Complaint with the Clerk of Court against Defendant in Case No. 2025-CA-1305, the case Plaintiff now seeks to remove to federal court. Plaintiff asserts she was assaulted by Monique A. Means, a defendant in the original Complaint, at the residence of a friend I the Meadows Downs community. Plaintiff alleges Monique A. Means maintained a residence in the Defendant association and that the Defendant is liable for her damages as a result. Defendant has answered and defended the Amended Complaint, together with a Motion for Judgment on the Pleadings, to have been heard by the state court judge on Friday, July 11, 2024, but stayed as a result of the Notice of Removal filed in this action.

## MEMORANDUM OF LAW

### I.    Only a Defendant Can Remove a State Case to Federal Court.

28 U.S.C. § 1441(a) clearly provides that a *defendant or defendants* may remove a state court case to federal court. Plaintiff, MICHELE PATRICIA

TAYLOR, is also the plaintiff in the state court action she now seeks to remove to this court. In *Home Depot U.S.A., Inc. v. Jackson,* 587 U.S. 435, 139 S. Ct. 1743, 204 L. Ed. 2d 34 (2019), the Supreme Court ruled that a plaintiff who chose the original forum, does not get to change its mind and seek removal, and further that even a counterclaim defendant is not a "defendant" within the meaning of Section 1441 and is therefore not entitled to seek removal.

Simply stated, Plaintiff is not entitled to seek removal of the state court action she commenced by choosing that forum to federal court. *Am. Int'l Underwriteres (Philippines), Inc. v. Cont'l Ins. Co.,* 843 F. 2d 1253, 1260 I9th Cir. 1988); *Carr v. Or. Dep't of Hum. Servs.,* 2025 U.S. Dist. LEXIS 87998, 2025 WL 1596712 (Dist. OR 2025)

## II.    Federal Court Lacks Jurisdiction.

In 28 U.S.C. §§ 1331 AND 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "arise under" federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 ***and*** there is a diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which "to vindicate federal rights," whereas diversity jurisdiction provides a "neutral forum for parties from different states. *Exxon*

*Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed 2d 502 (2005).

Courts have long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court. *See: Mexican Nat. R. Co. v. Davidson,* 157 U.S. 201, 208, 15 S. Ct. 563, 39 L. Ed. 672 (1895); *Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 461, 14 S. Ct. 654, 38 L. Ed. 511 (1894). This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising unde3r federal law or because it falls within the court's diversity jurisdiction. *E.g., Franchise Tax Bd. of Cal. V. Construction Laborers Vacation Trust of Southern Cal.,* 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002).

### III.    Entitlement to Award of Attorney's Fees and Costs Incurred as a Result Of Plaintiff's Improper Removal

Pursuant to 29 U.S.C. § 1447(c), this Court may enter an order "require[ing] payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The general rule is that courts may award attorney's fees under the attorney fee provision of the statute in circumstances where the removing party lacked an "objectively reasonable basis" for seeking removal. *See Martin v. Franklin Capital Corp.,* 126 S. Ct. 704 (2005). "A showing of bad faith is

not necessary as a predicate to the award of attorney's fees. [under 29 U.S.C. § 1447(c)]." *Martin v. Mentor Corp.,* 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001); *Tan v. Waste Mgmt.,* 290 F. Supp. 2d 1286, 1292-1293 (M.D. Fla. 2003).

Clearly Plaintiff has not legal right to bring this request for removal, as only defendants are entitled to seek removal under the Federal Code. Equally clear is that the claim brought in the state court action are not claims upon which the federal courts would have jurisdiction. Plaintiff's claims do not involve a question of federal law, nor is there diversity jurisdiction as Plaintiff and Defendant are both Florida residents.

**WHEREFORE,** Defendant, OAKLEIGH POINT HOMEOWNERS ASSOCIATION, INC., respectfully request this Court enter an Order remanding this case back to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, and determine there is and never was an objectively reasonable basis upon which Plaintiff can base this improper attempt at removal, granting Defendant an award of attorney's fees and costs incurred as a direct result of Plaintiff's improper attempt to remove this case, and to aware such other and further relief the Court deems just and proper under the circumstances.

## Local Rule 3.01(G) CERTIFICATION

The undersigned certifies that he communicated with the *pro se* Plaintiff by e-mail to inform her of the issues involving the improper attempt to remove the

state court action to federal court and demanded withdrawal within 24 hours. Plaintiff has failed or refused to respond. Plaintiff and Defendant are unable to resolve any part of the issues identified in this motion and must therefore assume the motion is opposed.

Respectfully submitted:

**COBB & GONZALEZ, P.A.**

By: _____

Hans C. Wahl, Esq.
Florida Bar No. 0099671
hwahl@cobbgonzalez.com
William F. Cobb, Esq.
Florida Bar No. 312630
wcobb@cobbgonzalez.com
sdelcogliano@cobbgonzalez.com
jfields@cobbgonzalez.com
4655 Salisbury Road
Suite 200
Jacksonville, FL 32256
Telephone: (904) 822-8001
File@cobbgonzalez.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of July 2025, a copy of the foregoing has been filed using the ECF system which will provide electronic notice to parties.

_____
Attorney