# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

MICHELE PATRICE TAYLOR,

      Plaintiff,

v.                                 Case No. 3:25-cv-753-MMH-SJH

OAKLEIGH POINT HOMEOWNERS
ASSOCIATION, INC.,

      Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant, Oakleigh Point Homeowners Association, Inc.'s (OPHOA), Motion for Remand and Attorney's Fees Pursuant to 28 U.S.C. § 1447(c), and Supporting Memorandum of Law (Doc. 4; Motion), filed July 11, 2025. Plaintiff, Michele Taylor, timely filed a response in opposition. See Plaintiff's Verified Response in Opposition to Motion to Remand and to Strike Request for Attorney's Fees (Doc. 5; Response), filed July 12, 2025. Accordingly, this matter is ripe for review.

On March 7, 2025, proceeding pro se, Plaintiff, Michele Patrice Taylor, initiated this action in state court by filing her Complaint for Damages (Doc. 11-5 at 5–10). On March 18, 2025, she filed an Amended Complaint, which is the operative complaint. See Amended Complaint (Doc. 13). In the Amended

Complaint, Taylor asserts one claim, a negligence claim against OPHOA. On July 4, 2025, Taylor removed her action to this Court by filing a Notice of Removal and Motion for Federal Jurisdiction Under 28 U.S.C. §§ 1331, 1441, 1443, and 1446 (Doc. 1; Notice).

In the Motion, OPHOA contends the removal was improper because under 28 U.S.C. § 1441(a), a plaintiff may not remove an action from state court to federal court. See Motion at 2–3. In response, Taylor argues the Court should "consider the exceptions and equitable grounds for removal when the case implicates federally protected rights, even when initiated in state court." See Response at 3. Taylor also cites to 28 U.S.C. § 1443 as providing the authority for her to remove this action. Id.[1] According to Taylor, removal was necessary because her constitutional rights are being violated in the underlying state action. Id. at 3–5.

By their plain text, the removal statutes authorize removal by a defendant, not by a plaintiff. See 28 U.S.C. §§ 1441, 1443, 1446. While Taylor

---

[1] 28 U.S.C. § 1443 gives district courts jurisdiction over certain civil rights cases, providing in full:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> >
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

cites two cases to support the proposition that removal by a plaintiff is permissible in exceptional cases, neither case discusses removal by a plaintiff. <u>See</u> Notice at 10 (citing <u>Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter</u>, 510 U.S. 7, 14 (1993) and <u>Mays v. City of Flint</u>, 871 F.3d 437, 442 (6th Cir. 2017)). The Court concludes that Taylor's removal of this action was improper, and this action is due to be remanded.[2]

In the Motion, OPHOA also seeks an award of attorney's fees and costs incurred due to the improper removal. <u>See</u> Motion at 4. A court may award fees and costs incurred as a result of removal when it remands a case. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). However, the district court may award fees "only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Cap. Corp.</u>, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Id.</u> "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." <u>Id.</u> If a court exercises its discretion to depart "from the general rule," discretion "should be 'faithful to the

---

[2] Notably, although Taylor does allege that "[t]he underlying state case has involved multiple constitutional violations," <u>see</u> Notice at 6, the Notice is plainly an attempt at removal and Taylor does not bring any new claims such that the Court could construe the Notice as an attempt to file a new civil action. <u>See generally</u> Notice.

purposes' of awarding fees under § 1447(c)." Id. (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)). Considering these principles as well as whether a plaintiff removed the action in bad faith, district courts have denied motions for attorney's fees despite the absence of an objectively reasonable basis for a pro se plaintiff to remove the plaintiff's own case. See Monacelli v. Ford Motor Co., No. 2:08-cv-398-FtM-29DNF, 2008 WL 11334544, at *1 (M.D. Fla. Oct. 13, 2008); Concetta Manzano S. v. Wilmington Tr. Nat'l Ass'n, No. EDCV 23-643 JGB (SPx), 2023 WL 3910350, at *2–3 (C.D. Cal. May 24, 2023); see also Guttman v. Silverberg, 374 F. Supp. 2d 991, 992–94 (D.N.M. 2005).

In agreement with Monacelli and Concetta Manzano, the Court finds that an award of fees is not warranted in this case due to the unusual circumstances of Taylor, who is proceeding pro se, having removed her own action based on her allegations that her constitutional rights are being violated in the underlying state court proceedings. Although she is mistaken, Taylor appears to have had a good-faith belief that removal would be permitted under federal question or civil rights jurisdiction. Notably, OPHOA does not contend that Taylor was motivated by bad faith in removing this action or that the Court should weigh Taylor's motives against her when determining whether an award of fees is appropriate. See Motion at 4–5. On this record, the Court declines to award attorney's fees and costs.

Accordingly, it is

4

**ORDERED**:

1. Defendant Oakleigh Point Homeowners Association, Inc.'s Motion for Remand and Attorney's Fees (Doc. 4) is **GRANTED in part** and **DENIED in part**.

2. The Motion is **GRANTED** to the extent this action is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

3. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

4. The Motion is **DENIED** to the extent Defendant seeks an award of attorney's fees and costs.

5. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of August, 2025.


**MARCIA MORALES HOWARD**
United States District Judge

5

lc33

Copies to:
Pro Se Party
Counsel of Record

Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida